# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEVON ANTHONY BROWN, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 16-624-RGA |
| DANIEL MCGANNON, et al., | : | |
| Defendants. | : | |

Devon Anthony Brown, New Castle, Delaware. *Pro Se* Plaintiff.

Oliver J. Cleary, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

## **MEMORANDUM OPINION**

July 5 , 2017
Wilmington, Delaware

*Richard G. Andrews* (signature)

**ANDREWS, U.S. District Judge:**

Plaintiff Devon Anthony Brown, who appears *pro se* and has been granted leave
to proceed *in forma pauperis,* filed this action on July 22, 2016, followed by an
amendment on August 8, 2016. (D.I. 2, 5). Defendants move to dismiss pursuant to
Fed. R. Civ. P. 12(b)(6). (D.I. 8). Plaintiff opposes. (D.I. 15). Briefing on the motion is
complete.

## BACKGROUND

Named as Defendants are Daniel McGannon, Brenda Sands, Patrice Gilliam-
Johnson, and an unnamed Delaware Department of Labor Security Officer.[1] Plaintiff's
allegations are set forth in the Court's October 26, 2016 memorandum and order that
screened the case pursuant to 28 U.S.C. § 1915(e)(2) and they are incorporated
herein. (D.I. 6, 7). Plaintiff raises due process claims against McGannon, Sands, and
Gilliam-Johnson for refusing to accept his charge of discrimination against his
employer. He also raises a supplemental state law claim for battery against the DDOL
security officer.

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the
grounds that: (1) Gilliam-Johnson is not liable under any plausible theory;
(2) McGannon and Sands are protected from liability by reason of qualified immunity
from suit; and (3) Plaintiff's allegations do not constitute a violation of his due process
rights.

---

[1]Plaintiff also named the State of Delaware and the Delaware Department of
Labor as defendants, both of whom have been dismissed as they are immune from
suit. (*See* D.I. 6, 7).

## STANDARDS OF LAW

Plaintiff proceeds *pro se* and, therefore, his pleadings are liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The legal standard when ruling on Rule 12(b)(6) motions is identical to the standard used when screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they

2

plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## DISCUSSION

The Court considers Defendants' motion to dismiss the claims against Gilliam-Johnson, Secretary of the Delaware Department of Labor, and revisits the allegations raised against her. Defendants seek dismissal based upon her supervisory position. The Complaint alleges that Plaintiff called Gilliam-Johnson's office and communicated with "Ms. Patty," but does not provide the content of the communication or identify "Ms. Patty." (D.I. 2 at p.6). The Complaint goes on to allege that Gilliam-Johnson and her office "shunned their responsibility by not responding or taking any action." (*Id.*).

It is well established that claims based solely on the theory of respondeat superior or supervisor liability are facially deficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009); *see also Solan v. Ranck*, 326 F. App'x 97, 100–01 (3d Cir. 2009) (holding that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"). Facts showing personal involvement of the defendant must be asserted; such assertions may be made through allegations of specific facts showing that a defendant expressly directed the deprivation of a plaintiff's constitutional rights or created such policies where the subordinates had no discretion in applying the policies in a fashion other than the one which actually produced the alleged deprivation; *e.g.,*

3

supervisory liability may attach if the plaintiff asserts facts showing that the supervisor's actions were "the moving force" behind the harm suffered by the plaintiff. *See Sample v. Diecks*, 885 F.2d 1099, 1117-18 (3d Cir. 1989); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-86 (2009); *City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, 128 F. App'x 240 (3d Cir. Apr. 2005).

Plaintiff provides no specific facts alleging how Gilliam-Johnson violated his constitutional rights, or that she expressly directed the deprivation of his constitutional rights, or that she created policies wherein subordinates had no discretion in applying them in a fashion other than the one which actually produced the alleged deprivation. Plaintiff's claim against Gilliam-Johnson must be dismissed because it rests impermissibly on a theory of supervisory liability. Therefore, the Court will grant the motion to dismiss the claims against Gilliam-Johnson.

The Court has also revisited the claims against McGannon and finds they fail to state a due process claim against McGannon. When Brown met with McGannon and Sands on June 14, 2016, they discussed the charge of discrimination that Brown sought to file. Brown was told to return at a later date with additional information. The allegations are that it was Brown's June 20, 2016 interaction with Sands that resulted in him not being allowed to file a charge of discrimination. There is no mention of McGannon on June 20, 2016. Accordingly, the Court will dismiss the claims raised against McGannon.

As to Sands, the Court previously reviewed Plaintiff's allegations and found that he stated what appear to be cognizable and non-frivolous claims. (*See* D.I. 6). Nothing has changed since the court's ruling. The Court has revisited the allegations,

4

liberally construed them, as it must, and finds that Plaintiff adequately alleges violations of his right to due process. Therefore, the Court will deny that portion of the motion to dismiss that seeks dismissal of the 42 U.S.C. § 1983 claims for failure to state a claim upon which relief may be granted as to Sands.

Defendants also seek dismissal of the claims raised against Sands by reason of qualified immunity. Liberally construing Plaintiff's factual allegations, they support the § 1983 claims raised against Sands. Given the early stage of litigation, the Court concludes that Defendants have prematurely raised the issue of qualified immunity and that the issue is better addressed at the summary judgment stage. *See Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009) ("it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases"). Therefore, the Court will deny the motion to dismiss on the grounds of qualified immunity.

## CONCLUSION

For the above reasons, the Court will deny in part and grant in part Defendants' motion to dismiss. (D.I. 8).

An appropriate order will be entered.